## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SILVER EAGLE REFINING, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>PROFESSIONAL SERVICE INDUSTRIES, INC.; SUN SHIPBUILDING AND DRY DOCK COMPANY; SUN OIL COMPANY; MOOSE'S CONSTRUCTION; AND DOES 1-5,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 1:12-cv-00233 DN<br><br>District Judge David Nuffer |

In response to the complaint filed by Silver Eagle Refining, Inc. ("Silver Eagle") the defendants, Sun Shipbuilding and Dry Dock Company ("Sun Ship") and Sunoco, Inc., (R&M) f/k/a Sun Oil Company ("Sun Oil"), filed a Rule 12(b)(6) motion to dismiss.[1] This order grants in part and denies in part the defendants' motion.

### Background

Plaintiff Silver Eagle seeks to recover damages stemming from an explosion which occurred on November 4, 2009, at Silver Eagle's refinery in Woods Cross, Utah. The explosion took place in the refinery's Mobile Distilling Dewatering Unit ("MDDW Unit"). Silver Eagle attributed the explosion to a defective pipe segment that was allegedly improperly manufactured and installed.[2] On November 2, 2012, Silver Eagle brought multiple claims against various defendants.[3]

---

[1] Motion to Dismiss Plaintiff's Claims Against Defendants Sun Shipbuilding and Dry Dock Company and Sunoco, Inc. (R&M) f/k/a Sun Oil Company (Motion to Dismiss), docket no. 10, filed March 8, 2013.

[2] Complaint and Jury Demand (Complaint), ¶¶ 12-16 at 3, docket no. 1, filed November 2, 2012.

[3] *Id.* ¶¶ 20-98 at 3-13.

**Silver Eagle's Claims against Sun Ship.**

Silver Eagle's complaint alleges negligence and a claim of strict liability against Sun Ship. In those claims Silver Eagle alleges that Sun Ship, the manufacturer of the pressure vessel (including the pipe segment) in the MDDW Unit, both designed and manufactured a defective and unreasonably dangerous product,[4] and breached "a duty of reasonable care in manufacturing the MDDW Unit."[5] Silver Eagle further alleges that these actions by Sun Ship were "the direct and proximate cause of the explosion."[6]

**Silver Eagle's Claims against Sun Oil**.

Silver Eagle also brought two causes of action against Sun Oil, one for negligence and another for breach of contract and breach of implied warranties. Silver Eagle alleges that Sun Oil, which initially purchased the MDDW Unit from Sun Ship and then sold it to Silver Eagle, made repairs and alterations to the MDDW Unit,[7] and breached its duty to use reasonable care when making those repairs and alterations to the unit.[8] Silver Eagle further alleges Sun Oil owed a duty to accurately represent the condition of the MDDW Unit prior to sale and it breached this duty by making false representations to Silver Eagle about the fitness of the unit.[9] Finally, Silver Eagle alleges it contracted with Sun Oil for the sale and purchase of the MDDW Unit, and Sun Oil breached that contract and implied warranties by delivering an unfit and dangerous unit.[10]

---

[4] *Id.* ¶ 51 at 7.

[5] *Id.* ¶ 49 at 7.

[6] *Id.* ¶ 53 at 7.

[7] *Id.* ¶ 58 at 8.

[8] *Id.* ¶¶ 59-66 at 8-9.

[9] *Id.*

[10] *Id.* ¶¶ 68-76 at 9-10.

## Defendants' Motion to Dismiss

In response to these claims Sun Ship and Sun Oil filed a motion to dismiss, pursuant to

Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be

granted.[11]  The defendants argue that the claims against them should be dismissed because they

are barred by Utah's two-year statute of limitations and because they were inadequately plead.[12]

In reference to the statute of limitations, the defendants point out that under the Utah

Product Liability Act[13] ("UPLA"):

> A civil action under this part shall be brought within two years from the time the
> individual who would be the claimant in the action discovered, or in the exercise
> of due diligence should have discovered, both the harm and its cause.[14]

Defendants insist that this statute bars all claims against them because Silver Eagle's claims all

fall under the UPLA products liability umbrella and this suit was filed more than two years after

the explosion.[15]

Additionally, the defendants further argue that Silver Eagle's claims lack factual content

and are based on legal conclusions.[16]  The defendants claim that Silver Eagle's claims are

therefore improperly plead and implausible, and that the claims should be dismissed under the

Iqbal/Twombly standards.[17]

---

[11] *See* Motion to Dismiss.

[12] *Id.* at 8-13.

[13] Utah Code Ann. §§ 78B-6-701 to -707.

[14] Utah Code Ann. § 78B-6-706.

[15] Motion to Dismiss at 9-10.

[16] *Id.* at 10-13.

[17] *Id. See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**Analysis**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[18]

*Products Liability Claim Against Sun Ship*

If Silver Eagle's claims against Sun Ship fall under the UPLA they are subject to the two year statute of limitations and time barred.

The Utah Supreme Court explained what constitutes a "civil action" under the UPLA:

> Although our statute does not define a product liability action, product liability encompasses all actions seeking money damages for injury to people or property resulting from defective products. An action for damages resulting from a defective product can be based on claims of negligence, strict liability, tortious misrepresentation, and breach of warranty.[19]

Under this standard, the UPLA applies to Silver Eagle's claims against Sun Ship, because all the claims against Sun Ship are based on Sun Ship's allegedly defective manufacturing of the pipe segment.

Because all of Silver Eagle's claims against Sun Ship fall under the UPLA they are therefore time-barred. Silver Eagle correctly points out that the UPLA's statute of limitations only runs from when the harm is "discovered, or in the exercise of due diligence should have discovered, both the harm and its cause"[20] and that "[w]hether a plaintiff has exercised due diligence, under all the circumstances of the case, is a question of fact."[21] Silver Eagle is also

---

[18] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir.2005) and Fed. R. Civ. P. 12(b)(6)).

[19] *Utah Local Gov't Trust v. Wheeler Mach. Co.*, 199 P.3d 949, 951 (Utah 2008) (internal citation omitted).

[20] Utah Code Ann. § 78B-6-706.

[21] *Bridgewaters v. Toro Co.*, 819 F. Supp. 1002, 1008 (D. Utah 1993).

correct that the applicability of the statute of limitations is an affirmative defense.[22]  But "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."[23]  Silver Eagle asserts its complaint should be evaluated as if the statute was tolled or that the court should assume that the harm was discovered or should have been discovered no earlier than a year after the explosion happened.  No factual basis has been offered to support these assumptions.  The claim against Sun Ship is time-barred.  Silver Eagle had the burden to plead a factual scenario where the claims should not be time-barred, which it did not do.

### Negligence/Contract Claims against Sun Oil

The UPLA does not apply to Silver Eagle's claims against Sun Oil because these claims encompass more than merely improper manufacturing.  Silver Eagle alleges Sun Oil negligently altered already manufactured pipe segments and made false representations to Silver Eagle breaching its contract and implied warranties.

Even though the UPLA and its two year statute of limitations do not apply, the adequacy of Silver Eagle's pleading must still be decided.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24]  In order to survive a

---

[22] Memorandum Opposing the Motion to Dismiss Claims Against Defendants Sun Shipbuilding and Dry Dock Company and Sunoco, Inc. (R&R) f/k/a/ Sun Oil Company (Opposition) at 3, docket no. 16, filed April 5, 2013.

[23] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) ("Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion.").

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted).

12(b)(6) motion, Silver Eagle must "nudge[] [its] claims across the line from conceivable to plausible . . . ."[25]

Silver Eagle's claims against Sun Oil are definitely not saturated with detailed factual allegations, but the Supreme Court has also said that a plaintiff is not required to present detailed factual allegations, but the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[26]

Ignoring the many legal conclusions in Silver Eagle's complaint, there are enough facts to justify a denial of Sun Oil's motion to dismiss. These alleged facts, to be viewed in the light most favorable to Silver Eagle, include, but are not limited to: an explosion occurred on November 4, 2009, that explosion was caused by a failed pipe section of the MDDW Unit; the pipe section was sold to Silver Eagle by Sun Oil; the pipe section was altered by Sun Oil; Sun Oil made misrepresentations to Silver Eagle concerning the pipe segment; Sun Oil failed to disclose pertinent information to Silver Eagle concerning the pipe segment; and the pipe segment was too thin to be used in the MDDW unit.[27] These factual allegations are enough to qualify the negligence, breach of contract, and breach of implied warranty claims as properly plead.

## ORDER

IT IS HEREBY ORDERED that the motion is GRANTED IN PART and DENIED IN PART:

1.     The Third Cause of Action of negligence and strict liability against Sun Ship are dismissed and the motion is GRANTED in that respect;

---

[25] *Id.* at 570.

[26] *Ashcroft v. Iqbal*, 556 U.S. at 678(internal quotations omitted).

[27] Complaint ¶¶ 56-76 at 8-10.

2.     The motion to dismiss Silver Eagle's negligence, breach of contract and breach of implied warranty claims against Sun Oil is DENIED.

Signed November 19, 2013.

BY THE COURT

_____

District Judge David Nuffer