IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SILVER EAGLE REFINING, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>PROFESSIONAL SERVICE INDUSTRIES, INC.; SUN SHIPBUILDING AND DRY DOCK COMPANY; SUN OIL COMPANY; MOOSE'S CONSTRUCTION; AND DOES 1–5,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:12-cv-00233-DN<br><br>District Judge David Nuffer |

Defendant Professional Service Industries, Inc. ("PSI") filed a Motion for Summary Judgment[1] seeking dismissal with prejudice of all claims alleged by plaintiff Silver Eagle Refining, Inc. ("Silver Eagle").

## BACKGROUND

Silver Eagle seeks to recover damages attributable to an explosion which occurred on November 4, 2009 in the Mobile Distilling Dewatering Unit (the "MDDW Unit") at its refinery in Woods Cross, Utah (the "Refinery").[2] In its complaint, Silver Eagle alleged that the explosion is attributable to a pipe segment that was too thin, not composed of the proper material, improperly manufactured, or improperly installed.[3] Silver Eagle had previously retained PSI to

---

[1] Docket no. 24, filed June 19, 2013.

[2] *See* Complaint at ¶¶ 11–12, 17–18, docket no. 1, filed Nov. 2, 2012, also attached to Motion for Summary Judgment as Exhibit A, docket no. 24-2, filed June 19, 2013.

[3] *Id.* at ¶¶ 13–16.

conduct services which included pipe and MDDW Unit thickness inspection and testing,[4] and according to PSI, pursuant to written contracts.[5]

Silver Eagle's Complaint alleges two causes of action against PSI: negligence and breach of contract.[6] PSI argues that Silver Eagle's causes of action are barred by the contractual limitation of actions clauses in the alleged contracts between PSI and Silver Eagle. Silver Eagle argues that material issues exist as to whether the alleged contracts actually constitute contracts between PSI and Silver Eagle.[7]

For the reasons stated below, PSI's motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A dispute of fact is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[9] The party moving for summary judgment "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to

---

[4] *Id.* at ¶ 21; Affidavit of Steven D. Griffith at ¶ 3, docket no. 25, filed June 19, 2012.

[5] Motion for Summary Judgment at 2; Affidavit of Steven D. Griffith at ¶ 3. *See also* Proposal dated March 6, 2007 ("Proposal A"), attached as Exhibit A to Affidavit of Steven D. Griffith, docket no. 25-2, filed June 19, 2013; Proposal dated March 19, 2007 ("Proposal B"), attached as Exhibit B to Affidavit of Steven D. Griffith, docket no. 25-3, filed June 19, 2013; Proposal dated April 2, 2007 ("Proposal C"), attached as Exhibit C to Affidavit of Steven D. Griffith, docket no. 25-4, filed June 19, 2013; and Proposal dated December 23, 2008 ("Proposal D"), attached as Exhibit D to Affidavit of Steven D. Griffith, docket no. 25-5, filed June 19, 2013 (collectively the "Proposals").

[6] Complaint at ¶¶ 20–46.

[7] Memorandum in Opposition to Professional Service Industries, Inc.'s Motion for Summary Judgment ("Silver Eagle's Opposition") at 2, docket no. 40, filed Feb. 13, 2014.

[8] FED. R. CIV. P. 56(a).

[9] *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

judgment as a matter of law."[10] However, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[11]

## DISPUTED FACTS

In its moving for summary judgment, PSI only alleged only four facts.

First, PSI proposed as an undisputed fact that "PSI and Plaintiff entered into written contracts whereby PSI agreed to conduct services which included pipe and MDDW Unit thickness inspection and testing services at the Refinery."[12] In its response, Silver Eagle disputes that the parties entered into written contracts because of all the documents on which PSI relies, only Proposal A is signed, and

> [it] is facially deficient and appears to be two documents mixed together. The cover page is dated March 6, 2007, and the "Re:" line reads "Thickness measurements." Page 2 is dated July 31, 2006, and although it is nearly illegible, the header appears to read "Isometric Drawing and P&ID and Red Line of Existing (illegible)."[13]

Silver Eagle further contends that it "did not know of the contract documents and did not intend to enter into any written contracts for the service."[14] PSI's characterization of the Proposals as unsigned yet binding contracts requires a legal conclusion that is improper for a statement of fact. Therefore, this very material fact is in genuine dispute.

Second, PSI proposed as an undisputed fact that "PSI performed the work it was obligated to perform under these contracts, and Silver Eagle indicated its acceptance of that work

---

[10] *Id.* at 670–71.

[11] *Id.*

[12] Motion for Summary Judgment at 3 (citing Complaint at ¶ 21; Affidavit of Steven D. Griffith at ¶¶ 3–6; and the Proposals).

[13] Silver Eagle's Opposition at 3.

[14] Declaration of Troy Harward ("Harward Declaration") at ¶¶ 5–7 and 9, attached as Exhibit 2 to Silver Eagle's Opposition, docket no. 40-2, filed Feb. 13, 2014.

by paying PSI for it."[15] Silver Eagle does not dispute that it paid PSI for work believed to be completed pursuant to an oral contract.[16] However, Silver Eagle disputes this second proposed fact on two grounds: first, that the fact contains inappropriate conclusions of law regarding the contractual nature of and obligations within the Proposals, and second, that the cited evidence does not establish that PSI completed all work it was obligated to perform.[17] This fact contains legal conclusions and the cited evidence is merely an identical statement, subject to the same defects, in a declaration. Therefore, this fact is genuinely disputed.

Third, PSI proposed as an undisputed fact that "[e]ach written contract between PSI and Plaintiff contains a limitation of actions clause which states: 'No action or claim, in tort, contract or otherwise, may be brought against PSI, arising from or related to PSI's work, more than two years after the cessation of PSI's work hereunder.'"[18] Silver Eagle disputes the characterization of the Proposals as "written contract[s] between PSI and Plaintiff," but it does not dispute the quotation from PSI's documents.[19] The disputed language is a legal conclusion. Therefore, if the disputed language is stricken and replaced with "the Proposals," the fact is undisputed.

Fourth, PSI proposed as an undisputed fact that "PSI ceased its work at the Refinery pursuant to the subject contracts prior to the date of the subject explosion on November 4, 2009."[20] Again, Silver Eagle does not dispute the substance of the fact, only the characterization of the Proposals as "the subject contracts." Therefore, the fact is undisputed to the extent the disputed language is stricken and replaced with "the Proposals."

---

[15] Motion for Summary Judgment at 3 (citing Affidavit of Steven D. Griffith at ¶ 8).

[16] Silver Eagle's Opposition at 4–5.

[17] *Id.*

[18] Motion for Summary Judgment at 3 (citing Affidavit of Steven D. Griffith at ¶ 7; Proposals at pages entitled "General Conditions").

[19] Silver Eagle's Opposition at 5.

[20] Motion for Summary Judgment at 3 (citing Affidavit of Steven D. Griffith at ¶ 9).

PSI argues that all of Silver Eagle's proffered evidence regarding never having seen the Proposals nor intending to enter into written contracts for these services "is simply so implausible that it unduly strains credulity."[21] PSI relies on the U.S. Supreme Court case of *Matsushita Electric Industrial Co., LTD., v. Zenith Radio Corp.*[22] The Court stated that "if the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary."[23] Furthermore, the Court emphasized that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[24]

PSI argues that Silver Eagle's dispute that it never saw the Proposals requires the belief that (1) that PSI drafted the Proposals and never mailed or emailed them or that Silver Eagle never received them, or (2) that although Silver Eagle never received the proposals, PSI proceeded to perform their subject matter and Silver Eagle paid PSI for those services.

This argument focuses solely on one of Silver Eagle's arguments in dispute of Fact 1 while ignoring the facial deficiencies in the Proposal A document and the legal conclusion required to characterize the remaining unsigned Proposals as binding contracts. Further, PSI's implausibility argument does not address any disputes related to Fact 2, ignoring its legal conclusion and the lack of evidence to support it. Therefore, there are only two statements of undisputed material fact.

---

[21] Memorandum in Reply to Plaintiff's Opposition to Motion for Summary Judgment ("PSI's Reply") at 5, docket no. 41, filed Feb. 26, 2014.

[22] 475 U.S. 574 (1986).

[23] *Id.* at 587 (citing *First Nat. Bank of Ariz. v. Cities Service Co*, 391 U.S. 253, 288 (1968)).

[24] *Id.* at 587.

## STATEMENT OF UNDISPUTED FACTS

1.  The proposals contain a limitation of actions clause which states: "No action or claim, in tort, contract or otherwise, may be brought against PSI, arising from or related to PSI's work, more than two years after the cessation of PSI's work hereunder."[25]

2.  PSI ceased its work at the Refinery prior to the date of the subject explosion on November 4, 2009.[26]

## ANALYSIS

Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] Having excluded the factual disputes from PSI's factual allegations, there are insufficient facts to establish that PSI is entitled to judgment as a matter of law. Questions remain as to whether the parties' relationship was governed by a contractual relationship, let alone under the provisions set forth in the Proposals. Therefore, PSI cannot yet raise the limitation of actions clause in the Proposals as a defense.

## ORDER

For the foregoing reasons, PSI's Motion for Summary Judgment[28] is DENIED.

Signed May 4, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[25] *See* the Proposals at pages entitled "General Conditions".

[26] Affidavit of Steven D. Griffith at ¶ 9.

[27] FED. R. CIV. P. 56(a).

[28] Docket no. 24, filed June 19, 2013.